# UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF SOUTH CAROLINA

**Jennifer Wilson**,
Plaintiff,

v. Civil Action No. ___3:26-cv-01379-MGL-SVH

**Byers Treatment Center**,
Defendant.

RCVD - USDC COLA SC
APR 1 '26 PM 8:52

---

# COMPLAINT FOR DAMAGES

(42 U.S.C. § 1981 – Race/Color Discrimination, Harassment, Defamation, Wrongful Termination)

Plaintiff Jennifer Wilson, proceeding **pro se**, alleges as follows:

---

# I. JURISDICTION AND VENUE

1. This action arises under **42 U.S.C. § 1981**, which guarantees all persons the same right to make and enforce contracts regardless of race or color.
2. This Court has jurisdiction under **28 U.S.C. § 1331** (federal question jurisdiction).
3. Venue is proper because the events giving rise to this action occurred in **Richland County**, within the jurisdiction of this Court.

---

# II. PARTIES

4. Plaintiff **Jennifer Wilson** was employed at **Byers Treatment Center**, supervising youth patients.
5. Defendant **Byers Treatment Center** is an employer operating a youth treatment facility in Richland County, SC.

---

# III. FACTUAL ALLEGATIONS

6. On **March 14, 2026**, Plaintiff was supervising a youth patient who bit his lip severely, causing visible bleeding.
7. Plaintiff called for medical assistance multiple times but received no response from the nursing staff.
8. Due to the medical urgency, Plaintiff allowed the patient to briefly enter the nursing station to clean his lip and dispose of a bloody napkin.
9. This action was taken solely to protect the health and safety of the patient.
10. Plaintiff was later confronted by supervisory staff who accused her of misconduct related to allowing the patient into the nursing station and other false allegations.
11. Plaintiff requested the **written policy** justifying the accusations but was never provided any such policy.
12. The accusations were made in a manner that was hostile and publicly damaging to Plaintiff's reputation within the workplace.
13. Plaintiff reasonably believes these actions were motivated by **color-based discrimination**, as she is lighter skinned and the employees involved were darker skinned.
14. Plaintiff was subjected to harsher scrutiny, false accusations, and potential disciplinary action compared to other employees performing similar duties.
15. Defendants' conduct interfered with Plaintiff's contractual employment rights and created a hostile work environment.
16. The false accusations and discriminatory treatment caused Plaintiff **emotional distress, reputational harm, and loss of income**.

---

## IV. CAUSES OF ACTION

### COUNT I – Race/Color Discrimination (42 U.S.C. § 1981)

17. Plaintiff incorporates all preceding paragraphs.
18. Plaintiff's employment constitutes a contractual relationship protected under §1981.
19. Defendant intentionally discriminated against Plaintiff based on her race and/or color.
20. Defendant interfered with Plaintiff's contractual rights by creating a hostile work environment and imposing false allegations.
21. Plaintiff suffered damages including emotional distress, reputational harm, and potential employment loss.

---

### COUNT II – Defamation

22. Plaintiff incorporates all preceding paragraphs.
23. Defendant made false statements accusing Plaintiff of misconduct.
24. These statements were communicated to other employees and management.
25. Defendant's statements harmed Plaintiff's professional reputation.

### COUNT III – Intentional Infliction of Emotional Distress

26. Plaintiff incorporates all preceding paragraphs.
27. Defendant's actions were extreme and outrageous, including repeated false accusations and creating a hostile workplace.
28. Plaintiff suffered severe emotional distress as a direct result.

### COUNT IV – Wrongful Termination / Contract Interference

29. Plaintiff incorporates all preceding paragraphs.
30. Any disciplinary action or termination was based on false accusations and discriminatory motives.
31. Defendant failed to follow fair investigative procedures, interfering with Plaintiff's contractual employment rights.

# V. LEGAL ARGUMENT – PREVENTING EARLY DISMISSAL

32. Plaintiff alleges specific facts demonstrating:

- Hostile and discriminatory treatment based on color.
- False accusations and public shaming.
- Disparate treatment compared to similarly situated employees.

33. Under §1981, Plaintiff's employment is a contractual relationship. Interference with this contract through discriminatory treatment, false accusations, and hostile work conditions constitutes a violation.
34. Courts require only that a plaintiff plausibly allege discrimination at the pleading stage. Plaintiff has done so.
35. Therefore, dismissal under **Rule 12(b)(6)** would be improper.

# VI. DAMAGES

36. As a direct result of Defendant's actions, Plaintiff suffered:

- Emotional distress
- Reputational harm

- Loss of income and employment opportunities
- Humiliation and mental anguish

37. Plaintiff seeks **$100,000 in compensatory damages**.

---

# VII. PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that this Court:

A. Enter judgment in favor of Plaintiff;
B. Award compensatory damages of $100,000;
C. Award costs of this action;
D. Grant any other relief the Court deems just and proper.

---

**JURY TRIAL DEMANDED**

Jennifer Wilson
Po box 30454

Columbia, SC 29230

Email: thesalvationseries@yahoo.com

Pro Se Plaintiff